

FILED

APR 0 5 2018

CLERK US DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY _____ DEPUTY

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,

   Plaintiff,

  vs.

MIGUEL ANGEL OROZCO,

   Defendants.

**Case No.: 18-cr-01543-GPC**
Magistrate Case: 18-mj-819-JMA

**ORDER ON MOTION FOR VIDEO RECORDED DEPOSITION OF MATERIAL WITNESSES**

Upon the motion of the material witnesses JESUS LOPEZ-BAUTISTA, MARCELINO MARTINEZ-MOTA, and ANGEL MARCOS ROMERO-GONZALEZ, ("material witnesses") through their counsel Erik Bruner, and good cause appearing:

# ORDER

1. Material Witnesses JESUS LOPEZ-BAUTISTA, MARCELINO MARTINEZ-MOTA, and ANGEL MARCOS ROMERO-GONZALEZ, in the case of UNITED STATES v. ORTIZ-RODRIGUEZ, et al. (18CR01543-GPC) shall be deposed on ___4/17___ at _10_ a.m./p.m. The depositions of these material witnesses will be held at the United States Attorney's Office located at 880 Front Street, Fifth Floor, San Diego, California.

2. An employee of the U.S. Attorney's Office shall serve as video recording operator.

3. All parties shall attend the deposition(s). If the Defendant(s) are in custody, they shall be brought separately to the deposition(s) and a marshal shall remain present during the entire proceeding.

4. The United States Attorney's Office shall provide a video-recording operator and arrange for a court-certified interpreter to be present for the Material Witnesses.

5. The costs of the interpreter for the Material Witnesses will be borne by the United States. See 28 U.S.C. § 1827(c)(2).

6. If the defendants need an interpreter independent of the Material Witnesses' interpreter, defense counsel will arrange for a court-certified interpreter to be present. The cost of a separate interpreter for the defendant shall be paid by

the court with CJA funds if the defendant(s) are represented by counsel appointed under the Criminal Justice Act.

7. The U.S. Attorney's Office shall arrange for a certified court reporter to be present. The court reporter shall stenographically record the testimony and serve as a notary and preside at the depositions in accordance with Rule 28(a), Fed. R. Civ. Proc. The cost of the court reporter shall be borne by the U.S. Attorney's Office.

8. The depositions shall be video recorded, such that both sound and visual images are recorded. Prior to the conclusion of the depositions, the deponents, or a party, may elect to have the deponents review the video recording of his/her deposition to note any changes. Any errors or changes, and the reasons for making them, shall be stated in writing and such writing shall be signed by the deponent.

9. The video recording operator shall select and supply all equipment required to video record the depositions and shall determine all matters of staging and technique, such as number and placement of cameras and microphones, lighting, camera angle, and background. He/she shall determine these matters in a manner that accurately reproduces the appearance of the witness and assures clear reproduction of both the witness(es)' testimony and the statements of counsel.

10. The witness(es), or any party to the action, may object on the record to the manner in which the operator handles any of these matters. Any objections shall be considered by the Court in ruling on the admissibility of the videotape record. All such objections shall be deemed waived unless made promptly after the objector knows, or had reasonable grounds to know, of the basis for such objections.

11. The depositions shall be recorded in a fair, impartial, objective manner. The video recording equipment shall be focused on the witness; however, the video recording operator may from time to time focus upon charts, photographs, exhibits or like material being shown to the witness(es) during the deposition.

12. Before examination of the witness(es), the notary shall state on the video record: (a) his/her name and address; (b) the date, time and place of the deposition; (c) the name of the witness and the caption of the action; and (d) the identity of the parties and the names of all persons present in the deposition room. The notary shall then swear the witness on the video record. Further, at the beginning of the examination by each counsel, the counsel shall identify himself/herself and his/her respective client on the record. If more than one video recording is used, the notary shall repeat items (a), (b) and (c) at the beginning of each new tape/recording.

13. The video recording operator shall not stop the video recorder after the deposition of each material witness commences until it concludes, except, however, that any party may request a cessation for a brief recess, which request will be honored unless another party objects and states the basis for said objection on the record. Each time the tape/recording is stopped or started, the operator shall announce the time on the record. If the deposition requires the use of more than one tape/recording, the end of each tape/recording and the beginning of the next shall be announced orally on the video record by the operator.

14. Testimonial evidence objected to shall be recorded as if the objection had been overruled and the court shall rule on the objections prior to admitting that portion of the deposition. The party raising the objection(s) shall be responsible for having a transcript prepared for the court to consider. All objections to the evidence presented shall be deemed waived unless made during the deposition.

15. If requested by a party, the deposition testimony, if offered other than for impeachment, may be presented in nonstenographic video format, in which case no transcript need be prepared in advance of trial, unless otherwise ordered by the Court. See Fed.R.Civ.P. 32 (c).

16. The party offering the depositions into evidence at trial shall provide the Court with a transcript of the portions so offered.

17. Copies of all exhibits utilized during the video recorded depositions shall be marked for identification during the depositions and filed along with the video recordings.

18. At the conclusion of each material witness's deposition pursuant to this order, any objection, including the basis, to release of that material witness from custody shall be stated on the record. If there is no objection, the attorney for the material witness(es) shall immediately serve all parties with a "Stipulation and Proposed Order for Release of the Material Witness(es)" for execution by the attorneys for the Government and defendant(s) and submit the Order to the Clerk of Court for the Judge's signature.

19. If the parties do not object to the witness(es)' release on the record at the conclusion of each material witness's deposition, the Government and defense attorney will immediately approve an order for the witness's release from custody.

20. At the conclusion of each material witness's deposition, the Government will provide the witness with a subpoena for the trial date, a travel fund advance letter, and written authorization to enter the United States to testify at trial.

21. If any party objects to the release of the Material Witness(es) from custody, the objecting party must request in writing a hearing on the issue before the Federal Judge who is assigned the case or to such other District Judge or Magistrate Judge as they designate. Said request for hearing is to occur within one business day after the material witness's deposition has concluded for the particular material witness whose release is being objected to. Notice of the Request for Hearing must be served on all parties within one business day after completion of the deposition of the particular material witness whose release is being objected to, with a courtesy copy to chambers. Failure of the objecting party to request this hearing within one business day, or provide written notice within one business day of conclusion of a material witness(es)' deposition as required herein, shall be deemed a waiver of the objection to the release of the Material Witness(es), and a Release Order for the Material Witness shall be submitted for approval at the end of the four hour period. If a hearing is requested to object to the release of any particular Material Witness, the Court will set a briefing schedule if appropriate, and a date and time for the objection to be heard as soon as reasonably practicable. At the hearing, the objecting party must be prepared to show why release of the Material Witness is not appropriate under 18 U.S.C. § 3144. If, after the hearing, the Court decides to release the Material Witness(es), the Material Witness(es)'

attorney(s) shall immediately present the release order to the Court for signature and filing. Again, the Government must serve the material witness(es) with a trial subpoena, a travel fund advance letter and written authorization to legally enter the United States to testify at trial, before the Material Witness is released from custody.

22. Upon request by either party, the video recording operator shall provide a copy of the video recorded deposition to the requesting party at the requesting party's expense. After preparing the requested copies, if any, the video recording operator shall turn the original video recording over to the notary along with a certificate signed by the video recording operator attesting that the video recording is an accurate and complete record of the recorded deposition.

23. The notary shall file the original video recording, along with any exhibits offered during the deposition, with the Court in a sealed envelope marked with the caption of the case, the name of the witnesses and the date of the deposition. To that envelope, the notary shall attach the sworn statement that the video recording is an accurate and complete record of the recorded deposition and a certification that the witnesses were duly sworn by the officer. If all counsel stipulate on the record, the Government may maintain

the original video recording until production is ordered by the Court or requested by any party.

24. To the extent that the procedures set forth herein for videotaping vary from those set forth in Rules 28 and 30 F.R.Civ.P., these variations are found to be good cause shown as allowed by F.R. Civ. P. 29.

25. Unless waived by the parties, the notary must give prompt notice to all parties of the filing of the video record of the deposition with the Court pursuant to Fed.R.Civ.P. 30(f)(3).

**IT IS SO ORDERED**:

DATE: ___4/5/18___          _____
                            HON. IAN M. ADLER,
                            UNITED STATES MAGISTRATE JUDGE

---

Case: US v. Ortiz-Rodriguez          - 9          Case No. 18CR01543-GPC

ORDER Motion and Motion for Video Deposition